UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:13-CR-122 JD |
| | ) | |
| JOSE GUADALUPE LEAL | ) | |

## OPINION AND ORDER

Defendant Jose Guadalupe Leal was convicted on two counts arising out of his possession and distribution of cocaine, and he received a total sentence of 97 months of imprisonment. The first count, which was Count 5 of the superseding indictment, was for possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The second count, Count 6 of the superseding indictment, was for possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c). Mr. Leal pled guilty to both counts pursuant to a plea agreement. Judgment was entered on those convictions on September 11, 2014, and Mr. Leal did not appeal.

Mr. Leal has now filed a motion in which he seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his conviction under § 924(c) was unlawful. [DE 60]. Mr. Leal did not label his filing as a motion under 28 U.S.C. § 2255, but a petition under that section is the only avenue for raising a claim such as this. Accordingly, the Court notified Mr. Leal that, unless he withdrew his motion by August 17, 2016, the Court would construe it as a motion for collateral relief under § 2255. Mr. Leal did not respond by that date, and has not withdrawn his motion, so the Court CONSTRUES Mr. Leal's filing as a motion under § 2255.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

the motion . . . ." Here, it plainly appears that Mr. Leal is not entitled to relief, as his conviction and sentence were unaffected by *Johnson*, so the Court DISMISSES the motion.

Section 924(c), under which Mr. Leal was convicted, prohibits the possession of a firearm in furtherance of either a "drug trafficking crime" or a "crime of violence." 18 U.S.C. § 924(c). In *Johnson*, the Supreme Court invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c). Mr. Leal thus argues that *Johnson* applies to § 924(c) and that his conviction should be vacated because his offense did not involve the use of force. However, Mr. Leal's conviction under § 924(c) was for possessing a firearm in furtherance of a "drug trafficking crime"—possessing cocaine with the intent to distribute it—not a "crime of violence," and *Johnson* had no effect on the definition of a drug trafficking crime. Therefore, *Johnson* does not apply to Mr. Leal's conviction, so his motion must be dismissed. For those same reasons, the Court finds that the resolution of this motion is not debatable and that Mr. Leal's claim is not sufficient to deserve encouragement to proceed further, so the Court DENIES the issuance of a certificate of appealability.

The Court advises Mr. Leal that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Leal that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th

Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: November 23, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court